IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

MICKEY WAYNE BOSWELL #1748430 §

v. § CIVIL ACTION NO. 6:16cv1088

STATE OF TEXAS §

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Mickey Boswell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is the State of Texas.

**I. Background**

In his original and amended complaints, Boswell states that in 1994, he was coerced to plead guilty to the offense of indecency with a child. In 1997, the State of Texas "fraudulently fettered the coerced plea contract" with Chapter 62 of the Texas Code of Criminal procedure, which also contained the vernacular "Sexually Violent Offense" which he asserts was never contracted to.

In 1999, the State amended Chapter 62.058 by changing the language of the 75th legislature from "two or more occasions" (convictions) to "two or more times," which change Boswell states is "vitiating concurrency of offense of original plea in further of obligations in person reporting [sic]."

The 1994 judgment of conviction sentenced Boswell to 10 years in prison and a $500.00 fine, and probates this sentence for 10 years. The conditions of probation required Boswell to register as a sex offender.

1

In a motion for declaratory judgment, Boswell stated that he has a right to contract under the U.S. Constitution, but this right was violated when the Texas Legislature imposed the conditions of Chapter 62 of the Texas Code of Criminal Procedure upon his plea bargain contract after he had already agreed to the contract.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge stated that Chapter 62 of the Texas Code of Criminal Procedure, codifying the Texas Sex Offender Registration Act, was originally enacted in 1991 and has been modified a number of times since then. The Magistrate Judge cited *King v. McCraw*, 559 F.App'x 278, 2014 U.S. App. LEXIS (5th Cir., March 10, 2014), in which the Fifth Circuit stated that "this court has repeatedly affirmed a district court's dismissal as frivolous the claim that the retroactive application of Texas law requiring sex offender registration and notification violates the *Ex Post Facto* Clause." *King* relied upon *Smith v. Doe*, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), in which the Supreme Court rejected an *Ex Post Facto* Clause challenge to Alaska's sex offender registration statute. The Supreme Court held that the law was non-punitive but instead sought to create a civil regulatory scheme, meaning that retroactive application did not violate the *Ex Post Facto* Clause. The Magistrate Judge explained that the Texas sex offender registration law is also non-punitive and thus does not violate the *Ex Post Facto* clause when retroactively applied.

In *Cooper v. Thaler*, civil action no. 4:11cv251, 2011 U.S. Dist. LEXIS 33633, 2011 WL 1230278 (S.D.Tex., March 30, 2011), the Magistrate Judge stated that the petitioner Jerry Cooper sought habeas corpus relief on the basis that his guilty plea was breached through the fact that later statutes were applied to him. The Southern District of Texas explained that "although Cooper attempts to cast his primary claim as a breach of his 1982 plea agreement, his central argument is that the State of Texas retroactively imposed restrictive conditions of supervised release for sex offenders in violation of the Ex Post Facto Clause. This claim is without merit."

The Magistrate Judge stated that as in *Cooper*, Boswell complains of interference with his plea agreement, but his complaint really is that portions of Chapter 62 were applied to him despite having been enacted after he was convicted. The Magistrate Judge stated that these arguments lacked merit because Chapter 62 is non-punitive and did not increase the punishment imposed for the offense committed. *See also Herron v. Cockrell*, 78 F.App'x 429, 2003 U.S. App. LEXIS 21485, 2003 WL 22409501 (5th Cir., October 22, 2003); *Cruz v. Texas Parole Division*, 87 F.App'x 346, 2004 U.S. App. LEXIS 1420, 2004 WL 190251 (5th Cir., January 30, 2004).

## III. Boswell's Objections

In his objections to the Magistrate Judge's Report, Boswell states first that plea agreements must be entered knowingly and voluntarily, and that there is no contract where material terms are left for future adjustment or are not agreed upon. He maintains that the Government must strictly adhere to the terms of a plea bargain and that he has the right to have these terms fulfilled by the State. The breach of a plea agreement is fundamental error and the terms of the agreement are construed in favor of the Defendant and against the Government.

Boswell argues that, as a claim of first impression, the laws in effect at the time a plea agreement is entered should be incorporated as "express default provisions" which govern performances between the parties. He claims that unilateral, post-hoc amendment by the State of a contract which the State itself wrote and is a party to is repugnant to standards of liberty and justice. Thus, Boswell urges that the Court "rule in favor of a just and proper relief for this Plaintiff."

## IV. Discussion

The Contract Clause, found in U.S. Const., Art. I, §10, cl. 1, provides that no State shall pass any law impairing the obligation of contracts.[1] In determining whether there has been a violation

---

[1] The clause reads in its entirety as follows: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

of the Contracts Clause, the court looks at whether the state law has the effect of impairing a contractual obligation and if so, whether that impairment is permitted under the Constitution. *U.S. Trust Co. v. New Jersey*, 431 U.S. 1, 25, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977). The prohibition is not an absolute one and cannot be read with literal exactness; instead, legislation adjusting the rights and responsibilities of contracting parties must be on reasonable conditions and of a character appropriate to the public purpose justifying its adoption. *Id*. at 23, *citing Home Building & Loan Assoc. v. Blaisdell*, 290 U.S. 398, 445-47, 54 S.Ct. 231, 78 L.Ed. 413 (1934).

In *Kirschenhunter v. Sheriff's Office, Beauregard Parish*, 165 F.App'x 362, 2006 U.S. App. LEXIS 2706, 2006 WL 278546 (5th Cir., February 3, 2006), the plaintiff James Kirschenhunter was convicted of two sexual offenses in 1986, receiving consecutive punishments of 10 and five years. He was released in 1993 to a period of parole supervision for 10 years, subject to certain conditions. In 2000, Kirschenhunter received a first offender pardon.

Four years later, Kirschenhunter was notified that he had to report and re-register as a sex offender. He opposed this requirement, stating that his obligation terminated upon his parole. After receiving contradictory information, Kirschenhunter was told by the Office of Legal Affairs of the Louisiana Department of Public Safety and Corrections that he has a continuing lifetime obligation to register as a sex offender. He sought an injunction to enjoin the application of this law to him, arguing that such application violated the *Ex Post Facto* Clause and the Contract Clause.

The district court determined that the registration requirement was not punishment and did not violate the *Ex Post Facto* Clause. The district court did not address Kirschenhunter's Contract Clause argument, and the Fifth Circuit stated as follows:

> Kirschenhunter also argues that the district court did not consider his argument that application of the registration statute violates the Contract Clause. He contends that his plea agreement with the State was a contract that was completed upon his pardon and that the statute impairs this contract.
>
> The district court did not consider this argument in its opinion. However, because the argument is completely lacking in merit, the interests of judicial economy would best be served by not sending this case back to the district court for consideration of this issue.

The Fifth Circuit went on to observe that Kirschenhunter did not provide a copy of the plea agreement and did not explain what provisions were violated by the statute.

While Boswell has provided a copy of the judgment and the conditions of probation, which conditions specifically include a requirement that he register as a sex offender, he has not furnished a copy of a plea agreement or shown how any provisions of such an agreement were violated. The application of Chapter 62 did not violate Boswell's procedural or substantive due process rights, nor did it violate the *Ex Post Facto* Clause or the Due Process Clause. *King*, 559 F.App'x at *282; *Smith*, 538 U.S. at 92-93. Boswell has not shown that Chapter 62 of the Texas Code of Criminal Procedure amounts to "a law impairing the obligation of contracts," much less demonstrated how its application to him operated to impair a contract to which he was a party. Boswell's objections are without merit.

The Court also observes that the sole named Defendant in the lawsuit is the State of Texas. The State of Texas is not a "person" subject to suit under 42 U.S.C. §1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Lawsuits against a State in its own name are barred by the doctrine of sovereign immunity regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir. 1991). Boswell has failed to show that the State of Texas has consented to suit in this case. His claim must fail on this basis as well.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 17) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **2** day of **June, 2017.**

_____
Ron Clark, United States District Judge